STATE of Minnesota, Respondent,

v.

Ronald Arthur NELSON, Appellant.

No. 46459.

Supreme Court of Minnesota.

Aug. 5, 1977.

C. Paul Jones, Public Defender, J. Christopher Cuneo, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, William Von Arx, County Atty., Caledonia, for respondent.

Heard before TODD, KNUTSON, and PLUNKETT, JJ., and considered and decided by the court en banc.

J. JEROME PLUNKETT, Justice.*

After a trial without a jury, defendant was found guilty in district court of the charge of murder in the first degree. After sentencing, defendant appealed. Finding no error, we affirm.

An extended, detailed statement of the facts of this case is not made since defendant does not contest the sufficiency of the evidence to sustain the conviction. The following facts are relevant to the issues raised on appeal:

Defendant spent the early morning hours of December 8, 1974, with several friends in a trailer house parked on his parents' farm near La Crescent, Minnesota. Among those present was Kristin Schroeder, a 14-year-old girl. The group drank beer and talked for several hours. The last guest left about 4:30 a. m., leaving defendant and Kristin Schroeder alone in the trailer.

At 8:30 that same morning defendant entered the police station at La Crosse, Wisconsin, and reported that he had murdered a girl, put her body on a sled, and dragged it into the woods. The La Crosse police notified the appropriate authorities in Minnesota, who investigated the incident and found the body of Kristin Schroeder in a ravine. A subsequent autopsy disclosed that Kristin died as a result of hemorrhage from 16 stab wounds in her body.

On December 9, 1974, the day following the murder, defendant was interviewed by an agent of the Minnesota Bureau of Criminal Apprehension while in custody in Wisconsin. He was asked a number of questions wherein he admitted killing Kristin and indicated that no one else was involved. A tape recording of this conversation was introduced at trial.

On February 7, 1975, defendant moved for a change of venue, citing various local newspaper articles. On February 20, the motion was denied without prejudice to defendant to renew the motion should further facts show he could not get a fair trial in Houston County. Defendant renewed the motion for change of venue on May 2, combining it with an alternative motion for a bench trial (waiver of jury). Both motions were denied on May 14. Jury selection began on May 27, and after two days of voir dire examination, 53 prospective jurors were examined and 10 were accepted. At that point, defendant's renewed request for a bench trial was granted.

Trial began on Thursday, May 29. During the recess on the afternoon of the first day of trial, the prosecutor and defense counsel informed the trial judge that they had negotiated a plea agreement whereby defendant would plead guilty to murder in the second degree. The trial judge laid down certain conditions, including consent of the victim's parents, which he felt should be met before he would accept a plea agreement. The trial judge also indicated that he desired to consult the A. B. A. Standards for Criminal Justice, Pleas of Guilty (Approved Draft, 1968), before making a final decision. It had been previously arranged that trial would not be conducted on Friday, May 30, and the trial judge stated that he would take the question of the plea agreement under advisement and would rule on it on Monday, June 2. On Friday, May 30, the prosecutor telephoned the trial judge and informed him that the state had withdrawn from the plea negotiations. This was confirmed on the record in court on Monday, June 2. The trial judge also announced that his research indicated that the court should not consider the proposed plea agreement. Defendant was subsequently found guilty of murder in the first degree.

■  1. The first contention of defendant on appeal is that the trial judge's refusal to grant a change of venue because of adverse publicity was error. The granting of such a request is a matter within the trial court's discretion. *State v. Ellis,* 271 Minn. 345, 136 N.W.2d 384 (1965). Such a request should be granted where it appears

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

likely that an impartial jury cannot be obtained in the county in which the crime was committed. *State v. Thompson,* 266 Minn. 385, 123 N.W.2d 378 (1963).

■ In support of his motion, defendant presented copies of several local newspaper articles published in December 1974 and January 1975. Although some of the statements in the newspapers could well have been left unsaid, such publicity did not require a change of venue, particularly since the granting of defendant's alternative motion for a bench trial renders the issue moot.

■ 2. Defendant's second contention is the claim of error in the receipt in evidence of the taped conversation made while defendant was being interviewed by an agent of the Minnesota Bureau of Criminal Apprehension on December 9, 1974. After being properly advised of his *Miranda* rights, defendant was asked if he would agree to answer some questions. Defendant replied, "It all depends." Such a reply by the defendant indicates he reserved his option to answer only such questions as he wished. Later in the interview, defendant indicated his desire not to answer any more questions, at which time the interview ceased. These subsequent portions of the taped interview were not offered in evidence. Under these circumstances it was not error to receive in evidence the taped conversation with the defendant.

■ 3. The last contention of defendant is the claim of error in the trial judge's participation in the aborted plea negotiations. The trial judge's preliminary demand that the parents of the victim consent to the plea agreement was an invalid condition. In this case, however, the state withdrew from the plea negotiations before the trial judge made a final decision that such a condition must be met. Under these circumstances no error exists.[1]

■ Although the issue was not raised on appeal, an examination of the record clearly indicates sufficient evidence to sustain defendant's conviction of murder in the first degree.

Affirmed.

---

1. Trial judges should be very cautious not to impermissibly participate in plea negotiations. *State v. Johnson,* 279 Minn. 209, 156 N.W.2d 218 (1968). This is especially true in a trial before the court as in the instant case.