**STATE of Minnesota, Appellant,**

v.

**Michael John MOE, Respondent.**

**No. C1–91–2061.**

Court of Appeals of Minnesota.

Jan. 7, 1992.

Review Denied Feb. 10, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott County Atty., Neil Nelson, Asst. Scott County Atty., Shakopee, for appellant.

John M. Stuart State Public Defender, Susan J. Andrews, Asst. State Public Defender St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and PETERSON, and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge *.

Appellant State of Minnesota challenges the trial court's downward durational departure in sentencing where at the plea hearing the trial court indicated its intention to depart if respondent Michael J. Moe cooperated in providing information to police on an unrelated criminal matter. We reverse and remand.

## FACTS

Moe was arrested and charged with theft, possession of stolen property, possession of burglary tools, and resisting arrest. On June 26, 1991, Moe appeared in court to plead guilty to an amended charge of temporary theft or control of a car. Given Moe's criminal history score of 7 and the severity level offense of 3, the sentencing guidelines provided for a 28–month sentence. Before Moe entered his plea, the trial court judge told Moe that if he cooperated "to the best of [his] ability" with the Prior Lake Police Department in regard to an investigation of an attempted burglary in Prior Lake, the court would deviate from the presumptive sentence of 28 months down to a year and a day. Contrary to typical plea agreements, the trial court initiated the terms, rather than the prosecuting attorney. The prosecutor objected at the plea hearing to the proposed departure, arguing that Moe's cooperation with police on an unrelated matter was insufficient justification for a downward departure.

Moe agreed to cooperate with the police, and pleaded guilty. Shortly thereafter, he met with a detective from the police department and talked with him about the unsolved burglary. Moe provided alibi information placing himself at his probation officer's office about the time of the burglary. He was unable, however, to provide information on who committed the crime. The presentence investigation recommended that Moe be sentenced to the recommended 28 months, noting that Moe did not take responsibility for his actions and was not remorseful.

At the sentencing hearing on July 19, 1991, the trial court judge granted the downward departure over the prosecutor's renewed objection, and stated his reasons for doing so:

> The record can reflect that I have reviewed the PSI. I am, I guess, greatly disturbed regarding the attitude of Mr. Moe as relates to this and other matters that have occurred in his life * * *.

> I do have, what I feel, is an obligation. I expect defendants and other parties to be honest with this Court. In that respect, the Court must be honest with the parties. I did make an agreement with Mr. Moe in the hope it would be in the interest of justice. I think Mr. Moe did, to the best of his ability, honor that agreement. I feel compelled as an Offi-

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI,

§ 2.

cer of this Court to honor my agreement with Mr. Moe. I do agree with [the county attorney] that this gentleman, based upon his prior record, probably deserves to be incarcerated for at least the 28 months, but, again, my words have to have some meaning with Mr. Moe and other defendants. If I don't honor my agreement with Mr. Moe at this time, I couldn't see how any other defendant would have any interest in cooperating with the court.

The judge said that Moe

did cooperate to the best of his ability, and, unfortunately, the Prior Lake Police Department did not receive the information they desired. But it was not the fault of the defendant.

The court made clear in the record that the reason for the departure was Moe's cooperation with the police. The State challenges this sentencing departure.

### ISSUE

Did the trial court err in offering Moe at the time of the guilty plea a more lenient sentence in exchange for cooperation with police?

### ANALYSIS

The Minnesota Supreme Court has defined the role of the trial court in guilty plea negotiations as follows:

The ultimate judicial responsibility must be to make reasonably certain that a person innocent of *any* crime has not been improperly induced to plead guilty to a crime. It is likewise a judicial responsibility to protect society against a defendant's being permitted to bargain for a plea excessively lenient for the gravity of the crime apparently in fact committed. * * * [T]he court should neither usurp the responsibility of counsel nor participate in the plea bargaining negotiation itself.

*State v. Johnson,* 279 Minn. 209, 215–16, 156 N.W.2d 218, 223 (1968) (emphasis in original; footnotes omitted). In *Johnson,* the supreme court cited the position taken by the President's Commission on Law Enforcement and Administration of Justice.

The difficulty of assessing the judge's delicate role in regard to plea bargaining is recognized by the President's Commission on Law Enforcement and Administration of Justice in the following excerpt from The Challenge of Crime in a Free Society, p. 136: "The Commission believes that * * * the agreed disposition should be openly acknowledged and fully presented to the judge for review before the plea is entered.

"Inevitably the judge plays a part in the negotiated guilty plea. His role is a delicate one, for it is important that he carefully examine the agreed disposition, and it is equally important that he not undermine his judicial role by becoming excessively involved in the negotiations themselves. * * *

\* \* \* \* \* \*

" * * * The judge's role is not that of one of the parties to the negotiation, but that of an independent examiner to verify that the defendant's plea is the result of an intelligent and knowing choice and not based on misapprehension or the product of coercion."

*Johnson,* 279 Minn. at 216 n. 11, 156 N.W.2d at 223 n. 11. The supreme court reaffirmed its disapproval of trial court participation in plea bargaining in *State v. Nelson,* 257 N.W.2d 356, 359 n. 1 (Minn. 1977), where it said, "Trial judges should be very cautious not to impermissibly participate in plea negotiations." *See also* 8 H. McCarr, Minnesota Practice § 22.15 (2d ed. 1990).

The focus of the State's appeal is the trial court's reliance on Moe's cooperation with police as the factor justifying the downward durational sentencing departure. We need not reach this issue, however, since we find that the trial court judge improperly injected himself into the plea negotiations at the point where he offered Moe a lower sentence in exchange for cooperating with police. Although the trial court judge viewed his actions as being "in the interest of justice," it was an impermissible participation in the plea negotiation process.

## DECISION

■ It is error for a trial court judge to participate directly in plea agreement negotiations. We reverse the trial court's sentencing of Moe and remand the case for reassignment to a different trial court judge. The new trial court judge shall resentence Moe or allow Moe to withdraw his guilty plea and stand trial.

Reversed and remanded.