**Lionel W. MILES, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C1–93–1285.

Court of Appeals of Minnesota.

March 1, 1994.

Review Denied May 17, 1994.

Lionel W. Miles, pro se.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by ANDERSON, C.J., and DAVIES and FOLEY,* JJ.

## OPINION

DAVIES, Judge.

Appellant Lionel William Miles challenges the district court's denial of his petition for postconviction relief, arguing that the court erred in not providing him an evidentiary hearing. We affirm.

## FACTS

Appellant was convicted of first degree assault in violation of Minn.Stat. § 609.221 (1990). Miles appealed, arguing insufficiency of the evidence. This court affirmed. *State*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

*v. Miles,* No. C9–90–1889 (Minn.App. Mar. 11, 1991) (order op.).

Miles petitioned for postconviction relief, arguing insufficiency of the evidence, ineffective assistance of both trial and appellate counsel, and newly discovered evidence (recantations). The district court denied his petition without an evidentiary hearing. This appeal followed.

## ISSUE

Did the postconviction court err in denying appellant an evidentiary hearing on his claims for postconviction relief?

## ANALYSIS

■ This court reviews a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993) (citing *Gustafson v. State,* 477 N.W.2d 709, 712 (Minn. 1991)).

■ Appellant's claim for postconviction relief based on insufficiency of the evidence is without merit. The postconviction court properly declined to address this claim because it had already been fully litigated in appellant's direct appeal to this court. *Case v. State,* 364 N.W.2d 797, 799 (Minn.1985) (quoting *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)).

Appellant also challenges the postconviction court's rejection of his claims of ineffective assistance of trial and appellate counsel. An ineffective assistance of counsel claim requires the defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's performance must meet an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. But "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Even if counsel's performance is objectively deficient, the defendant must also affirmatively prove prejudice. *Id.* at 693, 104 S.Ct. at

2067. The defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ Appellant argues that his trial counsel was ineffective, first, because he negotiated a waiver of a jury trial and, second, because he submitted the case to the court on stipulated facts. But both appellant's trial counsel and the trial court informed appellant, in detail, about the jury waiver and separately obtained appellant's authorization to proceed on stipulated facts. Appellant's claim that the waiver of a jury trial prejudiced his case by precluding him from calling character witnesses is likewise without merit. Appellant was clearly informed that stipulating to the facts would prevent him from calling witnesses, yet he, nonetheless, agreed to this procedure.

■ Appellant's other claims of ineffective counsel all relate to what evidence was sought or introduced. But there was substantial evidence of appellant's guilt. The district court found that two witnesses saw appellant stomping on the victim's head. Furthermore, this court—on direct appeal of appellant's conviction—concluded that the evidence amply sustained the conviction.

Thus, appellant's claim of ineffective assistance of trial counsel fails to satisfy the *Strickland* test because he shows no prejudice.

■ Appellant also claims ineffective appellate counsel based on failure to argue ineffectiveness of trial counsel. But the postconviction court properly rejected this claim after finding appellant's claim of ineffective assistance of trial counsel to be without merit.

Finally, appellant seeks an evidentiary hearing on the basis of newly discovered recantation evidence. He argues that the co-defendants' affidavits stating that appellant did not participate in the assault—contrary to their prior testimony—entitle him to a new trial.

But a defendant is entitled to a new trial based on a witness's recantation of testimony only if the trial court is

> reasonably satisfied that the testimony was false, that the party was taken by surprise by the testimony and was unable to meet it or did not know of its falsity until after the trial, and that the jury might have reached a different conclusion without the false testimony.

*State v. Erdman*, 422 N.W.2d 511, 512 (Minn. 1988). If the court finds that the recantation is not genuine, the court need not consider whether the jury would have reached a different result without the testimony. *Id.* The postconviction court in this case expressly ruled that the recantations of appellant's accomplices were spurious.

Furthermore, the postconviction court found that the evidence was sufficient to convict petitioner even without the statements provided by petitioner's accomplices. Thus, even if the court had accepted the recantation affidavits as valid, appellant's conviction would not be undermined.

The court did not err in denying appellant an evidentiary hearing on the issue of newly discovered evidence.

### DECISION

The court did not err in denying appellant's petition for postconviction relief.

**Affirmed.**

DANIEL F. FOLEY, Judge (concurring specially).

I write separately to remind trial judges that they are not to participate in plea negotiations. I concur in the judgment because the record is not sufficiently clear regarding the judge's participation in the negotiations involved in this case.

Here, appellant agreed to a bench trial on stipulated facts. The court noted that appellant was thereby

> guaranteed no greater a sentence, * * * no more jail time, the most he could do is up to one year in the Workhouse, a probationary sentence. * * * Should he be

found guilty, he would have stayed time of no more than 144 months.

The Minnesota Supreme Court has carefully delineated the role of a judge in plea negotiations:

> Although the court should neither usurp the responsibility of counsel nor participate in the plea bargaining negotiation itself, its proper role of discreet inquiry into the propriety of the settlement submitted for judicial acceptance cannot seriously be doubted.

*State v. Johnson*, 279 Minn. 209, 216, 156 N.W.2d 218, 223 (1968). The court explained that a trial judge has a delicate role:

> "Inevitably the judge plays a part in the negotiated guilty plea. His role is a delicate one, for it is important that he carefully examine the agreed disposition, and it is equally important that he not undermine his judicial role by becoming excessively involved in the negotiations themselves."

*Id.* at 216 n. 11, 156 N.W.2d at 223 n. 11 (quoting President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, p. 136). Accordingly, a judge should not promise a particular sentence in advance. *State v. Moe*, 479 N.W.2d 427, 429 (Minn.App.1992), *pet. for rev. denied* (Minn. Feb. 10, 1992).

Trial judges should always be conscious of their "delicate" role regarding plea negotiations.