529 N.W.2d 359 (1995)
STATE of Minnesota,
v.
Fakhri NMN VAHABI, Respondent (C1-94-2267),
Hamid Reza Vahabi, Respondent (C3-94-2268).
Nos. C1-94-2267, C3-94-2268.
Court of Appeals of Minnesota.
March 14, 1995.
*360 Hubert H. Humphrey III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty. and Scott A. Hersey, Asst. Dakota County Atty., Hastings, for appellant.
Jeffrey S. Sheridan, Strandemo & Sheridan, P.A., Inver Grove Heights, for respondents.
Considered and decided by PARKER, P.J., and NORTON and SCHUMACHER, JJ.

OPINION
SCHUMACHER, Judge.
These consolidated appeals by the state are from sentences imposed for welfare fraud. After respondents Fakhri (NMN) Vahabi and Hamid Reza Vahabi pleaded guilty, the trial court deferred sentencing for one year. The court then sentenced the Vahabis each to a $100 fine, a petty misdemeanor sentence, for the felony offenses. We reverse and remand for further proceedings.

FACTS
The state charged the Vahabis with two counts each of wrongfully obtaining public assistance. The Vahabis were charged with not reporting their income while they obtained general assistance, food stamps, and rent subsidies totalling $21,453 between October 1991 and May 1993.
At a joint omnibus hearing, the trial court outlined an arrangement under which the Vahabis would plead guilty, and the court would continue sentencing for a year, without accepting the guilty pleas. If the Vahabis paid restitution in full by the end of the year, the court would sentence them to "a non-criminal disposition of a petty misdemeanor for a fine of a hundred dollars for each party."
The prosecutor objected to this arrangement. The state later filed a motion to impose sentence. The trial court issued an order denying the state's motion, stating that the sentencing date was within the discretion of the court. This court denied the state's petition for a writ of mandamus, noting the petition was untimely and there was no authority requiring the trial court to set an earlier sentencing date.
At the deferred sentencing date a year after the guilty plea, the trial court sentenced the Vahabis to $100 fines after they tendered a check for the full amount of restitution. The state repeated its earlier arguments against the sentence and argued there were no grounds for the downward dispositional departure and that the arrangement violated the separation of powers.

ISSUES
1. Did the trial court impermissibly inject itself into the plea negotiations?
2. Did the trial court abuse its discretion in departing from the presumptive sentence?
3. Did the trial court violate the separation of powers by deferring sentencing over the prosecutor's objection?

ANALYSIS
1. The state contends that the trial court, by deferring sentencing over the prosecutor's objection, under an arrangement in which the Vahabis would eventually be given petty misdemeanor sentences, impermissibly injected itself into the plea negotiations. We agree.
The supreme court has cautioned trial courts against "impermissibly participat[ing] in plea negotiations." State v. Nelson, 257 N.W.2d 356, 359 n. 1 (Minn.1977). This court has held that trial judges should not "improperly inject" themselves into plea negotiations. State v. Moe, 479 N.W.2d 427, 429 (Minn.App.1992), pet. for rev. denied (Minn. Feb. 10, 1992). The trial court itself may not offer a defendant a more lenient sentence in exchange for some performance, such as cooperation with police on another case. Id. "It is error for a trial court judge to participate *361 directly in plea agreement negotiations." Id. at 430.
The record does not completely disclose what occurred before the Vahabis tendered their guilty pleas in August 1993. But the prosecutor at that hearing stated her objection to the deferred sentencing arrangement, and the court at a later hearing indicated that the prosecutor had objected at more length in chambers. The parties to this plea agreement were the court and the defendants, not the prosecution and defendants. There is no record of what point the prosecution and defense had arrived at in their negotiations when the trial court made its "representation" to the defendants that sentencing would be deferred and the felony theft charges would be treated as petty misdemeanors. But from the prosecutor's objection, it is apparent that no plea agreement had been reached, particularly not an agreement on the terms announced by the trial court.
The trial court did not merely state an existing agreement in different terms than the prosecutor. See State v. Tuttle, 504 N.W.2d 252, 257 (Minn.App.1993) (trial court acted properly in explaining terms of agreement). The trial court imposed a plea agreement, including an anticipated sentencing result, to which the prosecution objected. The trial court, in effect, "promise[d] a particular sentence in advance." Miles v. State, 512 N.W.2d 601, 604 (Minn.App.1994) (Foley, J., concurring), pet. for rev. denied (Minn. May 17, 1994). This was improper and requires a reversal of the sentence and remand for further proceedings on the felony charges.
2. The state also argues that the trial court abused its discretion in departing from the presumptive felony sentences and giving the Vahabis petty misdemeanor sentences. Because this issue may arise on remand, we address it here.
It is a sentencing departure for the trial court to give a nonfelony sentence for a felony offense. See, e.g., State v. Cizl, 304 N.W.2d 632, 633 (Minn.1981) (trial court departed from presumptively stayed felony sentence by giving defendant a stayed one-year gross misdemeanor sentence).
The trial court sentenced the Vahabis to pay only a $100 fine, but no term of incarceration was stayed. This was a durational departure. Cf. State v. Bauerly, 520 N.W.2d 760, 762 (Minn.App.1994) (one year gross misdemeanor sentence, although only one day less than presumptive year-and-a-day felony sentence, was sentencing departure), pet. for rev. denied (Minn. Oct. 27, 1994).
The trial court's stated reason for departure, to ensure payment of restitution, is inadequate. See State v. Staten, 390 N.W.2d 914, 917 (Minn.App.1986) (restitution is not proper mitigating factor). Unlike the defendant in Staten, the Vahabis face potential deportation proceedings that could make restitution obligations difficult to enforce. In any event, reliance on restitution as a mitigating factor would inevitably involve the Vahabis' economic status, an impermissible social factor. See Minn.Sent.Guidelines cmt. II.D.101. (factors associated with income level should not be considered).
3. The state argues that the trial court's deferred sentencing arrangement violated the separation of powers by invading the prosecutorial function. Cf. State v. Olson, 325 N.W.2d 13, 17-18 (Minn.1982) (legislative function to define punishment for offenses). This argument, however, is only a broader statement of the problem noted in Moe of impermissible judicial participation in plea bargaining. Moe, 479 N.W.2d at 429 (court should not usurp the responsibility of counsel by participating directly in plea negotiations) (citing State v. Johnson, 279 Minn. 209, 215-16, 156 N.W.2d 218, 223 (1968)). It is unnecessary to address the constitutional principle of separation of powers.

DECISION
The trial court impermissibly injected itself into the plea negotiations. The sentencing departure was an abuse of discretion.
Reversed and remanded.