*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1160**

State of Minnesota,
Respondent,

vs.

John Charles Kotten,
Appellant.

**Filed April 25, 2016
Affirmed
Bjorkman, Judge**

Redwood County District Court
File No. 64-CR-14-767

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven S. Collins, Redwood County Attorney, Jenna M. Haler, Assistant County Attorney, Redwood Falls, Minnesota (for respondent)

Robert A. Lengeling, Beito & Lengeling, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges his four convictions, arguing that he received ineffective assistance of counsel and that the evidence is insufficient to prove that he (1) voluntarily

inflicted demonstrable bodily harm upon a police officer, (2) obstructed legal process, (3) engaged in conduct that disturbed others, and (4) committed a trespass. We affirm.

## FACTS

On November 1, 2014 at approximately 12:46 a.m., Sergeant Jason Deterling and Officer Troy Griffith of the Lower Sioux Tribal Police Department were at the Jackpot Junction Casino responding to a medical situation. They noticed a group of individuals, including appellant John Charles Kotten and his girlfriend, N.K., engaged in an oral confrontation that escalated into shoving. After defusing the situation, Sergeant Deterling took N.K. aside and asked for identification. Kotten repeatedly attempted to intervene in the conversation, was agitated, and appeared to be intoxicated. Sergeant Deterling observed that Kotten smelled of alcohol and had "bloodshot, watery eyes."

Because of Kotten's continued loud and belligerent behavior, casino security personnel asked him and N.K. to leave the casino floor and return to their hotel room. Kotten and N.K. resisted, using profanity and drawing the attention of other casino patrons. Sergeant Deterling and Officer Griffith intervened and escorted the couple off of the casino floor. As he was leaving with N.K., Sergeant Deterling heard a beer bottle shatter behind him and turned around to find Kotten and Officer Griffith engaged in a struggle. The officers eventually used a taser to subdue Kotten. As the officers brought Kotten out to the lobby, Kotten "tried to go limp" and "swung his leg out," causing Sergeant Deterling to trip and fall, cutting a knuckle on his left hand.

Kotten was charged with fourth-degree assault against a police officer, obstructing legal process, disorderly conduct, and trespass. After waiving his right to a jury trial,

2

Kotten testified that he was not intoxicated at the time of the incident, fully complied with the officers' directions, and had been attacked for no reason. He expressly denied tripping Sergeant Deterling. The district court found Kotten guilty on all counts. Kotten appeals.

## D E C I S I O N

### I. Sufficient evidence supports Kotten's convictions.

When reviewing the sufficiency of the evidence, we carefully analyze "the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We assume the fact-finder believed evidence that supports the verdict and disbelieved conflicting evidence. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). We afford a district court's findings the same weight as a jury verdict and will not set them aside unless they are clearly erroneous. *Walker v. State*, 394 N.W.2d 192, 196 (Minn. App. 1986), *review denied* (Minn. Nov. 26, 1986).

#### Fourth-Degree Assault

A person commits assault in the fourth degree if he intentionally inflicts demonstrable bodily harm upon a licensed peace officer who is engaged in his legal duties. Minn. Stat. § 609.2231, subd. 1 (2014). Assault-harm is a general-intent crime that requires proof that the actor engaged in prohibited conduct without regard to whether he intended the specific result of his act. *State v. Fleck*, 810 N.W.2d 303, 310 (Minn. 2012). But a person is only guilty of a general-intent crime if he acted volitionally. *Id.* at 312.

Kotten does not deny that his act of swinging his leg out while being removed from the casino caused Sergeant Deterling to trip. But he contends that his conduct was

3

accidental, rather than volitional. Where a conviction rests upon circumstantial evidence, we apply a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). We first identify the circumstances proved, deferring to the verdict and construing conflicting evidence in the light most favorable to the verdict. *Id.* at 598-99. Second, we determine "whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* (quotations omitted).

The circumstances proved through witness testimony and casino surveillance footage demonstrate that Kotten engaged in a course of loud and belligerent behavior and refused to cooperate with the police officers. Kotten was involved in heated oral exchanges with fellow casino patrons, used profanity when repeatedly asked to leave the casino floor, and physically resisted the efforts of security personnel and the officers to remove him from the casino. Immediately before he tripped Sergeant Deterling, Kotten made his body limp, which hampered the officers' efforts to bring him into the lobby. On this record, we are not persuaded that Kotten's alternative hypothesis—that he accidentally tripped Sergeant Deterling—is rational.

Kotten next argues that the state failed to prove that his action caused demonstrable bodily harm to Sergeant Deterling. We disagree. Officer Deterling testified that he cut his left hand as a result of the trip; a photograph taken within minutes confirms the injury. This direct evidence amply supports the district court's determination that Sergeant Deterling sustained demonstrable bodily harm as a result of Kotten's volitional act.

**Obstruction of Legal Process**

A person obstructs legal process when they act in a manner that "obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties." Minn. Stat. § 609.50, subd. 1(2) (2014). It is undisputed that the two officers repeatedly asked Kotten to leave the casino floor. When he refused to do so, they subdued and then physically escorted him to the lobby. Their testimony, as well as the casino surveillance footage, consistently shows that Kotten resisted the officers' efforts to remove him from the casino. Because Kotten does not deny that the officers were acting within the scope of their official duties, we conclude that sufficient evidence supports his obstruction-of-legal-process conviction.

**Disorderly Conduct**

Minn. Stat. § 609.72, subd. 1(3) (2014) provides:

> Whoever does any of the following in a public or private place . . . knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct, which is a misdemeanor:
> . . . .
> (3) engages in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others.

Kotten asserts that the state failed to provide "any evidence" that his behavior alarmed or disturbed anyone in the casino. We are not persuaded. The record contains testimony of several casino staff members and witnesses who were alarmed or angered by Kotten's oral outbursts and physical conduct. Considering the evidence in the light most

5

favorable to conviction, there is little doubt that the state provided sufficient evidence that Kotten's unruly behavior disturbed casino staff and patrons.

**Trespass**

Under Minn. Stat § 609.605, subd. 1(b)(3) (2014), a person is guilty of a misdemeanor if he intentionally "trespasses on the premises of another and, without claim of right, refuses to depart from the premises on demand of the lawful possessor." Kotten argues that he did not commit a trespass because he was not prohibited from being in the casino complex; at most, casino representatives ordered him to move to the lobby or return to his hotel room. We disagree. The undisputed evidence reflects that Kotten was asked to leave the casino floor many times to no avail. Kotten offers no legal support for his assertion that refusing to depart from part of a larger premises cannot constitute trespass.

**II.    Kotten did not receive ineffective assistance of counsel.**

To obtain relief based on ineffective assistance of counsel,

> [t]he defendant must affirmatively prove that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)) (citation omitted). We need not address both the performance and prejudice prongs if one is determinative. *Strickland*, 466 U.S. at 697, 104 S. Ct. 2069.

6

Kotten first argues that his attorney was ineffective because he allowed Kotten to waive his right to a jury trial. But nothing in the record suggests that Kotten's waiver was anything but knowing, intelligent, and voluntary. Because advising a client to waive a jury trial is not in itself ineffective assistance of counsel, this argument lacks merit. *See Miles v. State*, 512 N.W.2d 601, 603 (Minn. App. 1994), *review denied* (Minn. May 17, 1994).

Kotten next asserts that he is entitled to a new trial because his attorney "totally missed the mark when it came to how to present his case." He contends that his attorney focused on tangential issues and failed to make meaningful objections and cross-examine the state's witnesses about inconsistency in their testimony and their motives to lie. All of these challenges relate to matters of trial strategy, which we will not review unless it implicates fundamental rights. *See Sanchez-Diaz v. State*, 758 N.W.2d 843, 848 (Minn. 2008) (holding that selection of evidence presented to the fact-finder and extent of counsel's investigation are matters of trial strategy). And an attorney's lack of success in convincing the fact-finder is not equivalent to ineffective assistance, rather an attorney must make "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. On the sparse record before us, we conclude that Kotten has not met his heavy burden of demonstrating that his attorney's representation fell below an objective standard of reasonableness.

**Affirmed**.