*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2021**

State of Minnesota,
Respondent,

vs.

Lloyd Matthew McKenzie,
Appellant.

**Filed September 6, 2016
Affirmed
Schellhas, Judge**

Ramsey County District Court
File Nos. 62-CR-15-783, 62-CR-15-5876

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Schellhas, Judge; and Kirk, Judge.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

Appellant challenges the sentence for his conviction of first-degree burglary, arguing that the district court abused its discretion by not intervening when the state changed its plea offer after appellant was restored to competency. We affirm.

**FACTS**

On February 2, 2015, police arrested appellant Lloyd Matthew McKenzie after he broke into his wife's apartment. On February 3, respondent State of Minnesota charged McKenzie with two counts of first-degree burglary in violation of Minn. Stat. § 609.582, subd. 1(a) (occupied dwelling), 1(c) (assault) (2014). At McKenzie's first appearance on February 4, the district court appointed a public defender to represent him and issued a domestic-abuse no-contact order (DANCO) directing McKenzie to have no contact with his wife. Between February 25 and May 5, McKenzie called his wife 193 times in violation of the DANCO.

On March 4, 2015, the prosecutor advised the district court of the state's offer to dismiss the charge of first-degree burglary (assault) and seek a guidelines sentence at the "low end of the box" in exchange for McKenzie's guilty plea to the charge of first-degree burglary (occupied dwelling).[1] McKenzie rejected the offer and pleaded not guilty to both

---

[1] First-degree burglary (assault) is a severity-level eight offense and first-degree burglary (occupied dwelling) is a severity-level six offense. Minn. Sent. Guidelines 5.B (2014). Because McKenzie's criminal-history score was then six, his presumptive guidelines sentence for first-degree burglary (assault) was 108 months' imprisonment with a discretionary range of 92 to 129 months' imprisonment. Minn. Sent. Guidelines 4.A (2014). His presumptive guidelines sentence for first-degree burglary (occupied dwelling)

charges. At a hearing on May 4, over McKenzie's objection, the court granted McKenzie's counsel's request that McKenzie be examined for competency to participate in the proceedings. On May 26, the court found that McKenzie was incompetent, based on an examiner's report. On July 27, the court found that McKenzie was competent, based on a second examiner's report.

On July 31, 2015, the state charged McKenzie with five counts of felony violation of a DANCO. At a hearing on August 13, the prosecutor relayed the state's offer to dismiss the charge of first-degree burglary (assault) and four of the five DANCO-violation charges if McKenzie pleaded guilty to first-degree burglary (occupied dwelling) and one count of felony violation of a DANCO, with a "[t]op of the box" sentence for the burglary offense and a consecutive sentence for the DANCO-violation offense. McKenzie rejected the offer.

On August 25, 2015, McKenzie pleaded guilty to first-degree burglary (occupied dwelling) and two counts of felony violation of a DANCO in exchange for the state's dismissal of the remaining charges. McKenzie agreed to a sentence at the "high end of the box" for the burglary offense, with concurrent guidelines sentences for the DANCO-violation offenses. The district court sentenced McKenzie to concurrent terms of 68 months' imprisonment for the burglary offense and 30 months' imprisonment for each DANCO-violation offense.

This appeal follows.

---

was 57 months' imprisonment with a discretionary range of 49 to 68 months' imprisonment. *Id.*

**D E C I S I O N**

McKenzie argues that the prosecutor abused her discretion by changing the state's plea offer from 49 to 68 months' imprisonment for the burglary offense after McKenzie was restored to competency, and that the district court abused its discretion by failing to intervene when the prosecutor did so. But a prosecutor's participation in plea negotiations is discretionary. *See State v. Streiff*, 673 N.W.2d 831, 836 (Minn. 2004) (discussing "division of power" between prosecutor and district court and stating that, with regard to "bringing charges and plea bargaining, the discretion rests almost entirely with the prosecutor"); *State v. Andrews*, 282 Minn. 386, 391 & n.4, 165 N.W.2d 528, 532 & n.4 (1969) (noting that participation in plea negotiations "is the discretionary act of the prosecutor as an official of the executive branch of government" and that the prosecutor "has no duty to initiate plea bargaining" or "to make a bargain").

Noting "[t]he difficulty of assessing the judge's delicate role in regard to plea bargaining," the supreme court has explained:

> The ultimate judicial responsibility must be to make reasonably certain that a person innocent of *any* crime has not been improperly induced to plead guilty to a crime. It is likewise a judicial responsibility to protect society against a defendant's being permitted to bargain for a plea excessively lenient for the gravity of the crime apparently in fact committed. Although the court should neither usurp the responsibility of counsel nor participate in the plea bargaining negotiation itself, its proper role of discreet inquiry into the propriety of the settlement submitted for judicial acceptance cannot seriously be doubted.

*State v. Johnson*, 279 Minn. 209, 215–16, 216 & n.11, 156 N.W.2d 218, 223 & n.11 (1968) (footnotes omitted). Yet "the case law is clear that a district court should not usurp the

4

responsibility of counsel or become excessively involved in plea negotiations and may not improperly inject itself into plea negotiations." *State v. Anyanwu*, 681 N.W.2d 411, 414 (Minn. App. 2004); *see also State v. Nelson*, 257 N.W.2d 356, 359 n.1 (Minn. 1977) (stating that "[t]rial judges should be very cautious not to impermissibly participate in plea negotiations").

McKenzie's argument that the district court abused its discretion by not intervening in the plea negotiations primarily relies on his assertion that he was incompetent when he rejected the state's plea offer of 49 months' imprisonment for first-degree burglary (occupied dwelling). But the district court did not find McKenzie incompetent to participate in the proceedings until May 26, 2015, after McKenzie's counsel's May 4 request for a competency examination. The record does not reflect that McKenzie was incompetent when he rejected the state's plea offer on March 4.

McKenzie alternatively argues that, even if he was competent when he rejected the state's plea offer of 49 months' imprisonment, the plea offer could not be changed from 49 to 68 months' imprisonment after the district court found him to be incompetent to participate in the proceedings because "the rules don't allow for plea offers to get worse during a defendant's incompetency." McKenzie is correct that, once a court finds a felony defendant to be incompetent, "the proceedings must be suspended." Minn. R. Crim. P. 20.01, subd. 6(b).

But the state did not change its offer while the criminal proceedings were suspended due to McKenzie's incompetency. The district court found that McKenzie was incompetent to participate in the proceedings and suspended the proceedings on May 26, 2015, and the

court found that he was competent on July 27. After the court found that McKenzie had been restored to competency, the state charged McKenzie with five counts of felony violation of a DANCO on July 31. The state made a new plea offer, which McKenzie rejected, at the hearing on August 13. The state made its final plea offer on August 25, and McKenzie accepted it. This occurred well after the district court found that McKenzie had been restored to competency. We conclude that the district court did not abuse its discretion by not intervening in the plea negotiations.

**Affirmed.**