Dennis Olender **MELDE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A09–1050.

Court of Appeals of Minnesota.

Feb. 16, 2010.

Marie L. Wolf, Interim Chief Appellate Public Defender, Ngoc L. Nguyen, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and John J. Muhar, Itasca

County Attorney, Lori J. Flohaug, Assistant County Attorney, Grand Rapids, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; PETERSON, Judge; and ROSS, Judge.

## OPINION

PETERSON, Judge.

In this appeal from the denial of his petition for postconviction relief, appellant Dennis Melde argues that because the district court injected itself into plea negotiations, the postconviction court improperly denied his request to withdraw his guilty plea. We reverse and remand.

## FACTS

Melde was charged with two counts of first-degree driving while impaired (DWI) and one count of driving after cancellation, inimical to public safety. Melde pleaded guilty to one count of first-degree DWI and one count of driving after cancellation in exchange for the state's agreement to a stay of execution of sentence on the DWI offense and dismissal of the other DWI charge. The district court accepted Melde's plea and adjudicated Melde guilty. The parties and the district court agreed that there would be a presentence investigation (PSI) and that the district court would sentence Melde after reviewing the PSI report.

When the district court reviewed Melde's PSI report, it concluded that "there was no basis for the agreed upon dispositional departure" and declined to sentence Melde according to the plea agreement. The district court offered Melde an opportunity to withdraw his guilty plea but told Melde that it would sentence him to 46 months' imprisonment—a "bottom of the box" sentence—if he affirmed his guilty plea. Melde decided

not to withdraw his guilty plea. The district court sentenced Melde as it had indicated that it would, and Melde did not appeal.

Melde filed a petition for postconviction relief, seeking withdrawal of his guilty plea. He argued that his plea was invalid because the district court had injected itself into plea negotiations and that his plea was not accurate, voluntary, and intelligent. After a hearing, the district court denied Melde's postconviction petition. This appeal followed.

## ISSUE

Did the district court impermissibly inject itself into plea negotiations by promising Melde a particular sentence if he affirmed his guilty plea?

## ANALYSIS

Our review of a postconviction decision is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and the postconviction court's decision will not be disturbed absent an abuse of discretion. *Zenanko v. State*, 688 N.W.2d 861, 864 (Minn.2004). But we review the postconviction court's application of law de novo. *Williams v. State*, 692 N.W.2d 893, 896 (Minn.2005).

The district court has a role to play in plea negotiations, but it may not "usurp the responsibility of counsel or become excessively involved in plea negotiations and may not improperly inject itself into plea negotiations." *State v. Anyanwu*, 681 N.W.2d 411, 414 (Minn.App.2004) (citing *State v. Johnson*, 279 Minn. 209, 215–16, 156 N.W.2d 218, 223 (1968)). It is improper for a district court to offer the defendant an anticipated sentencing result that is not part of an existing agreement between the defendant and the prosecutor.

*State v. Vahabi,* 529 N.W.2d 359, 361 (Minn.App.1995); *see also State v. Moe,* 479 N.W.2d 427, 429 (Minn.App.1992) (stating that district court "improperly injected" itself into plea negotiations by offering defendant lower sentence in exchange for cooperating with police), *review denied* (Minn. Feb. 10, 1992). "Anytime a district court improperly injects itself into plea negotiations the guilty plea is per se invalid." *Anyanwu,* 681 N.W.2d at 415.

■ The district court's proper role is one of "discreet inquiry into the propriety of the settlement submitted for judicial acceptance," both to make certain that an innocent person has not been induced to plead guilty to a crime and to "protect society" from a defendant being permitted to bargain for an excessively lenient sentence. *Johnson,* 279 Minn. at 215–16, 156 N.W.2d at 223. If the district court finds the terms of a plea agreement to be unacceptable, it must simply reject the agreement. *See* Minn. R.Crim. P. 15.04, subd. 3(1) (stating district court's responsibility is to reject or accept plea of guilty on terms of plea agreement).

■ When a district court rejects a plea agreement, the defendant is automatically entitled to withdraw his plea if one has been entered. Minn. R.Crim. P. 15.04, subd. 3(1); *State v. Tyska,* 448 N.W.2d 546, 549 (Minn.App.1989). Thus, a defendant whose plea agreement has been rejected must once again decide whether to plead guilty. The district court's role after a plea agreement has been rejected is, therefore, the same as before a plea was entered, and the court may not negotiate with the defendant or offer to impose a particular sentence that has not been agreed to by the defendant and the prosecutor.

■ Here, the district court effectively rejected the plea agreement [1] and properly informed Melde of his right to withdraw his guilty plea. However, the district court also specifically told Melde that it would impose a 46–month executed sentence if Melde affirmed his guilty plea. By promising a particular sentence that was not part of an agreement between the prosecutor and appellant the district court improperly injected itself into plea negotiations. Therefore, Melde's guilty plea is per se invalid. Because we reverse Melde's conviction on that basis, we decline to address Melde's other challenges to his conviction.

## DECISION

After the district court rejected the plea agreement presented by appellant and the prosecutor, the district court improperly injected itself into plea negotiations when it told appellant that if he affirmed his guilty plea, it would impose a particular sentence that was not part of an existing plea agreement. We reverse appellant's conviction and remand to allow appellant the opportunity to withdraw his guilty plea.

**Reversed and remanded.**

---

1. Melde does not directly challenge the district court's decision not to sentence him in accordance with the plea agreement after accepting his guilty plea. We therefore treat the district court's decision as a rejection of the plea agreement pursuant to rule 15.04.