**STATE of Minnesota, Appellant,**

v.

**Benjamin Donald HANNIBAL, Respondent.**

No. A10–120.

Court of Appeals of Minnesota.

July 27, 2010.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, David C. Brown, Assistant County Attorney, Minneapolis, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, James A. Kamin, Assistant Public Defender, Minneapolis, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; KALITOWSKI, Judge; and MUEHLBERG, Judge.*

## OPINION

WRIGHT, Judge.

In this appeal pursuant to Minn. R.Crim. P. 28.04, subd. 1(2), appellant State of Minnesota challenges respondent's sentence as "based upon a guilty plea that is *per se* invalid," arguing that the district court improperly inserted itself into plea negotiations by promising respondent a probationary sentence. We affirm.

## FACTS

The state charged respondent Benjamin Hannibal with first-degree and second-degree assault, in violation of Minn.Stat. §§ 609.221, subd. 1, 609.222, subd. 1 (2008), and terroristic threats, in violation of Minn.Stat. § 609.713, subd. 1 (2008), based on an altercation with his wife on July 23, 2009.[1] Shortly thereafter, the state offered Hannibal the presumptive 86-month executed sentence in exchange for Hannibal's guilty plea to first-degree assault. Hannibal rejected the offer, and the state rejected his counteroffer to plead guilty in exchange for a probationary sentence.

While the charges were pending, the district court permitted Hannibal to participate in a chemical-dependency program and ordered a preplea investigation. The parties met with the district court in chambers on November 17, 2009 to discuss the preplea investigation. A record of this conference was not made. Because the preplea investigation recommended the presumptive sentence, the state reiterated its 86-month offer. Once again, Hannibal rejected the state's offer.

Hannibal subsequently pleaded guilty to the charged offenses. The prosecutor objected, arguing that the district court had improperly promised Hannibal a probationary sentence during the November 17 conference. The district court overruled the objection and accepted Hannibal's guilty pleas. At sentencing, the state

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Hannibal also was charged with making terroristic threats against his daughter during the same incident, but the charge was subsequently dismissed. The dismissal of that charge is not at issue in this appeal.

sought an upward durational departure and Hannibal sought a downward dispositional departure. The district court subsequently imposed concurrent sentences of 86 months and 21 months on the assault convictions, stayed the execution of the sentences, and placed Hannibal on probation for five years.[2] This appeal followed.

## ISSUES

I. May the state challenge the propriety of the district court's involvement in guilty-plea negotiations under Minn. R.Crim. P. 28.04, subd. 1(2)?

II. Did the district court improperly insert itself into the guilty-plea negotiations?

## ANALYSIS

### I.

We first address Hannibal's argument that the state's challenge to the propriety of the district court's involvement in Hannibal's plea negotiations "is outside the purview of a sentencing appeal." In a criminal case, the state's right to appeal is limited. *State v. Rourke,* 773 N.W.2d 913, 923 (Minn.2009). "There must be a statute or court rule that permits the appeal, or the issue must 'arise by necessary implication' from an issue where the State's right to appeal is expressly provided." *Id.* (quoting *In re C.W.S.,* 267 N.W.2d 496, 498 (Minn.1978)). We strictly construe the rules governing the state's right to appeal in a criminal case. *State v. Baynes,* 766 N.W.2d 343, 346 (Minn.App. 2009) (citing *State v. Barrett,* 694 N.W.2d 783, 786 (Minn.2005)).

The state may "appeal as of right to the Court of Appeals ... in felony cases, from any sentence imposed or stayed by the [district] court." Minn. R.Crim. P. 28.04, subd. 1(2). In such an appeal, we may review "whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court." Minn. R.Crim. P. 28.05, subd. 2.

To determine whether the state's argument falls within the scope of a sentencing appeal, as defined by rule 28.05, subdivision 2, we look to the nature of the decision being challenged. Although both Hannibal and the state characterize this appeal as a challenge to the validity of Hannibal's guilty plea, that characterization is insufficient. That Hannibal could plead guilty is not in dispute. And the state does not challenge the district court's authority to accept that guilty plea and impose a probationary sentence. Rather, the state asserts that the district court improperly engaged in plea negotiations with Hannibal by promising to impose a probationary sentence in exchange for Hannibal's guilty plea. *See State v. Vahabi,* 529 N.W.2d 359, 361 (Minn.App.1995) (stating that it is improper for district court to promise a particular sentence in advance). When the district court promises a particular sentence in advance of the defendant's guilty plea, it is "the arrangement itself [that] is impermissible." *State v. Anyanwu,* 681 N.W.2d 411, 414 (Minn. App.2004). The state, therefore, does not challenge Hannibal's guilty plea so much as asserts error based on the imposition of a judicially promised—and, therefore, inappropriate—sentence. *See* Minn. R.Crim. P. 28.05, subd. 2 (permitting consideration of whether sentence is "inappropriate"). Because the state's argument

---

**2.** The district court concluded that count three, terroristic threats, merged with count two, second-degree assault.

falls within the parameters of rule 28.05, subdivision 2, it is within the scope of a sentencing appeal. Minn. R.Crim. P. 28.04, subd. 1(2).

■ Moreover, the state's right to challenge a defendant's sentence necessarily implies the right to challenge the validity of the plea negotiations that resulted in that sentence because the state has a constitutional interest in the propriety of plea negotiations. When the district court promises the defendant a particular sentence over the prosecutor's objection, the district court abandons its neutral judicial role and takes on the role of the prosecutor in plea negotiations. *See State v. Johnson,* 279 Minn. 209, 215–16 & n. 11, 156 N.W.2d 218, 223 & n. 11 (1968) (declaring that district court should not abandon its role of "independent examiner" and "usurp" responsibility of counsel by participating directly in plea negotiations). A district court's improper involvement in plea negotiations, therefore, raises constitutional concerns regarding separation of powers, for which the state is entitled to a remedy. *See Johnson v. State,* 641 N.W.2d 912, 917–18 (Minn.2002) (stating that "separation of powers doctrine gives the state the authority to enter into plea agreements with a defendant," although district court may, in its discretion, refuse to accept them); *Vahabi,* 529 N.W.2d at 361 (reversing sentence in state's appeal because district court "imposed a plea agreement, including an anticipated sentencing result, to which the prosecution objected"). But a challenge based on the district court's promise to impose a particular sentence is not ripe until the district court imposes the promised sentence. *See* Minn. R.Crim. P. 27.03, subd. 7 (stating that a sentence is "an adjudication of guilt"); *cf. Rourke,* 773 N.W.2d at 923–24 (holding that challenge to district court's decision regarding which issues to present

to *Blakely* jury could be asserted in pretrial appeal and, therefore, could not be asserted in sentencing appeal). Because an appellate court's refusal to consider such a challenge in a sentencing appeal would leave the separation-of-powers violation unremedied, we conclude that the state must be entitled to present this challenge in its sentencing appeal.

Finally, we share the state's concern that precluding the state from raising this issue also would present finality concerns. The state argues that, because a defendant's guilty plea is per se invalid when the district court impermissibly injects itself into guilty-plea negotiations, *Anyanwu,* 681 N.W.2d at 414, a defendant who receives a stayed sentence and probation may raise the invalidity of the guilty plea to challenge execution of the defendant's sentence if threatened with probation revocation. As a result, the finality of such a case could be in question indefinitely. *See* Minn. R.Crim. P. 27.03, subd. 9 (authorizing district court at any time to "correct a sentence not authorized by law"). By raising the issue immediately, the state furthers the interests of finality.

Because a contention that the district court improperly promised a particular sentence in exchange for the defendant's guilty plea and imposed that sentence over the prosecutor's objection necessarily challenges the appropriateness of the defendant's sentence, it falls within the scope of a sentencing appeal.

## II.

■ When facilitating plea negotiations, the district court may not "usurp the responsibility of counsel or . . . improperly inject itself into plea negotiations." *Anyanwu,* 681 N.W.2d at 414 (citing *Johnson,* 279 Minn. at 215–16, 156 N.W.2d at 223). A district court also may not "offer the defendant an anticipated sentencing result

that is not part of an existing agreement between the defendant and the prosecutor." *Melde v. State,* 778 N.W.2d 376, 378 (Minn.App.2010).

The state claims that the district court promised Hannibal a probationary sentence during off-the-record discussions on November 17. The prosecutor raised this issue at Hannibal's guilty-plea hearing when he asserted that the district court had promised Hannibal "that it would provide a probationary sentence in exchange for a straight plea." The prosecutor recalled "that the language in Chambers on [that] date was unequivocal and I'm certain that defense counsel clearly understood that the Court made a promise to depart from an executed prison sentence and order a probationary sentence." The district court disagreed:

> I would like to note for the record that on November 17th when the pre-plea [report] was returned and the Court had the information, and I believe either on the 17th or at some point, in speaking with [the probation officer] in chambers, she indicated that her recommendation was solely based on the harm caused here and had nothing to do with Mr. Hannibal's amenability to probation.
>
> At that point I indicated that, based upon Mr. Hannibal's progress in treatment and particularly on the letter that was signed by [a representative of the treatment] program, I thought that Mr. Hannibal was amenable to probation and treatment, and that was the statement that the Court made.

Citing *Anyanwu,* the prosecutor thereafter reiterated his objection, which the district court overruled. Hannibal entered a guilty plea, which the district court accepted. The district court found substantial and compelling reasons to grant Hannibal's motion for a downward dispositional departure, stayed the execution of Hannibal's sentence, and placed him on probation.

Contrary to the state's argument, the record does not establish that the district court promised Hannibal a probationary sentence. Hannibal's guilty-plea petition does not indicate any agreement between Hannibal and the district court. *See Anderson v. State,* 746 N.W.2d 901, 905–06 (Minn.App.2008) (noting absence of any promise in written plea petition in rejecting claim of improper district court involvement in plea negotiation). And neither the defendant nor the district court referred to such a promise. Rather, the district court permitted both parties to advocate for their respective departure motions and made findings supporting its decision to depart downward dispositionally. Because this record does not reflect that the district court "directly and unequivocally promised [Hannibal] a particular sentence in advance" in exchange for a guilty plea, *see Anyanwu,* 681 N.W.2d at 415, the state's contention that the district court impermissibly injected itself into plea negotiations fails.

## DECISION

The state's appeal asserting that the district court improperly promised a probationary sentence in exchange for appellant's guilty plea is permitted under Minn. R.Crim. P. 28.04, subd. 1(2). But because the record does not establish that the district court made any such promise, the state's challenge fails.

**Affirmed.**