*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0838**

State of Minnesota,
Respondent,

vs.

David Lee King,
Appellant.

**Filed January 20, 2015**
**Affirmed**
**Reilly, Judge**

Sherburne County District Court
File No. 71-CR-12-1703

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Samuel Wertheimer, II, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

**UNPUBLISHED OPINION**

**REILLY**, Judge

In this direct appeal from a judgment of conviction, appellant seeks to withdraw his guilty plea to third-degree assault. Because we determine that appellant's guilty plea was accurate, voluntary, and intelligent, we affirm.

## FACTS

On August 27, 2012, appellant David Lee King, an inmate at the Minnesota Correctional Facility at St. Cloud, committed an assault against fellow-inmate C.J.H. Appellant testified that C.J.H. "walked by and grabbed my buttocks as we were walking back to our unit, to our cells, and I took that offensive . . . so I beat him up." Appellant admitted to throwing "numerous punches" and kicking C.J.H. during the assault. C.J.H. was treated for lacerations to his left eye and cheek. The state thereafter charged appellant with one count of felony third-degree assault, substantial bodily harm, in violation of Minn. Stat. § 609.223, subd. 1 (2012).

Appellant entered into a resolution with the prosecution to plead guilty to third-degree assault in exchange for a 15-month consecutive sentence, pursuant to the sentencing guidelines. The prosecutor informed the district court that because appellant committed assault while serving a prison term, his sentence would be a presumptive-consecutive sentence to his current sentence, which means he would not be entitled to credit for time served. The district court asked appellant if that was "what [he] want[ed] to do today," and appellant agreed that it was. After being sworn in, appellant engaged in the following discussion with his counsel:

2

[Defense attorney]: Mr. King, we had the opportunity to go over this three-page document entitled Petition to Enter a Plea of Guilty in a Felony Case Pursuant to Rule 15. Did we go over this document line by line before court?
[Appellant]: Yes.
[Defense attorney]: You understand that you're pleading guilty to a third degree assault?
[Appellant]: Yes.
. . . .
[Defense attorney]: And you understand that it is a 15-month consecutive sentence, meaning 15 months will be added on to your sentence - -
[Appellant]: Yes.
[Defense attorney]: - - that you're serving right now? Yes?
[Appellant]: Yes.

Appellant stated that he understood his right to go to trial and waived that right to enter a guilty plea. The district court received the petition, finding that appellant made an "adequate, knowing, and voluntary waiver" of his trial rights. Appellant pleaded guilty to third-degree assault. Appellant admitted that C.J.H.'s injuries constituted substantial bodily harm and stated that he was not acting in self-defense when he punched and kicked his victim. The district court found appellant guilty of third-degree assault in accordance with the plea agreement and committed him to the custody of the commissioner of corrections "for a period of 15 months consecutive to the sentence which [he was] already serving." This appeal followed.

## DECISION

"A defendant who wishes to overturn a guilty plea may file a petition for postconviction relief under Minnesota Statutes section 590.01 (2012), move to withdraw the plea under Rule 15.05 of the Minnesota Rules of Criminal Procedure, or seek withdrawal on a direct appeal from the judgment of conviction." *State v. Miller*, 849

N.W.2d 94, 97 (Minn. App. 2014) (citing Minn. R. Crim. P. 28.02, subd. 2; *State v. Anyanwu*, 681 N.W.2d 411, 413 (Minn. App. 2004) ("[A] defendant has a right to challenge his guilty plea on direct appeal even though he has not moved to withdraw the guilty plea in the district court.")). The validity of a plea presents a question of law that we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Appellant bears the burden of showing that his plea was invalid. *Id.*

A criminal defendant does not have an absolute right to withdraw a guilty plea once entered. *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). Rather, a defendant may withdraw a guilty plea after being sentenced only by establishing that it is necessary to correct a "manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists if a guilty plea is invalid. *Raleigh*, 778 N.W.2d at 94 (citing *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007)). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* Appellant argues that his guilty plea is invalid and unconstitutional because it was not accurate, voluntary, or intelligent.[1] Appellant also seeks jail credit dating back to August 27, 2012, the date of the offense.

*Accurate*

"The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). An accurate plea must be grounded on a proper factual basis. *Raleigh*, 778 N.W.2d at 94. Although

---

[1] The focus of appellant's argument is that his plea was not intelligently made. We considered all three requirements and determined that the record supports a conclusion that appellant's plea is valid.

appellant argued that his plea was not accurate, he did not identify any evidence to support his position. The record reflects that the district court developed an adequate factual basis for the plea by asking appellant, in his own words, to describe what happened. *See id.* (stating that district court "typically satisfies the factual basis requirement by asking the defendant to express in his own words what happened"). The accuracy requirement is satisfied.

*Voluntary*

To determine whether a plea is voluntary, we look to what the parties reasonably understood to be the terms of the plea agreement. *Id.* at 96. The purpose of the voluntariness requirement is to ensure that a defendant is not pleading guilty because of "improper pressures." *Trott*, 338 N.W.2d at 251. Although appellant argued that his plea was involuntary, he did not claim that he was subject to improper pressures or inducements. A review of the record confirms that the voluntariness requirement is satisfied.

*Intelligent*

The intelligence requirement ensures that a defendant "understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea." *Id.* During the plea hearing, appellant agreed that he understood the charge against him, understood that he was waiving certain rights, and wanted to enter a plea of guilty. On appeal, appellant argues that his plea was not "knowingly made" because he did not understand that he was ineligible for jail credit.

5

The state charged appellant with felony third-degree assault. The statute provides that "[w]hoever assaults another and inflicts substantial bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both." Minn. Stat. § 609.223, subd. 1. Appellant entered a plea of guilty to this offense and provided an adequate factual basis to support the charge. During the plea hearing, appellant agreed that he went over the plea petition "line by line" with his attorney and understood that he was pleading guilty to third-degree assault. Appellant's counsel asked appellant if he understood that he would serve a 15-month consecutive sentence, and specifically that "15 months will be added on to your sentence[.]" Appellant indicated that he understood. We conclude that the intelligence requirement is satisfied.

Pursuant to the Minnesota Sentencing Guidelines, for convictions committed while an offender is serving an executed prison sentence, it is presumptive to impose the sentence for the current offense consecutive to the sentence the offender was serving at the time the new offense was committed. Minn. Sent. Guidelines 2.F.1.a(1)(i) (2012). Moreover, Minnesota statute is clear that:

> If an inmate of a state correctional facility is convicted of violating [section 609.223] while confined in the facility, the sentence imposed for the assault shall be executed and run consecutively to any unexpired portion of the offender's earlier sentence. The inmate is not entitled to credit against the sentence imposed for the assault for time served in confinement for the earlier sentence.

Minn. Stat. § 609.2232 (2012).

Because we conclude that the district court properly imposed a consecutive sentence under a plain reading of the statute, we conclude that appellant is not entitled to relief on his direct appeal from a judgment of conviction.

**Affirmed.**