*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0427**

State of Minnesota,
Respondent,

vs.

Clemente Ramirez-Diaz,
Appellant

**Filed January 17, 2016
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-CR-15-12429

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

## U N P U B L I S H E D   O P I N I O N

**WORKE**, Judge

        Appellant challenges his first-degree criminal-sexual-conduct conviction, arguing that the district court abused its discretion by denying his motion to withdraw his guilty plea before sentencing. We affirm.

# FACTS

From 2008 to 2012, appellant Clemente Ramirez-Diaz lived with his cousin and his cousin's family. In December 2014, officers received a report that Ramirez-Diaz sexually assaulted his cousin's juvenile daughter. The victim reported that in the spring of 2009 or 2010, Ramirez-Diaz sexually assaulted her approximately ten times. The victim reported that Ramirez-Diaz fondled her on and near her bare genitals, made her stroke his bare penis with her hand, and penetrated her vagina with his penis. On May 7, 2015, a complaint was filed charging Ramirez-Diaz with first-degree criminal sexual conduct.

On August 3, 2015, Ramirez-Diaz appeared for his jury trial, but decided to plead guilty to first-degree criminal sexual conduct. At sentencing on September 14, 2015, Ramirez-Diaz requested to withdraw his guilty plea, claiming that his plea was invalid because his attorneys coerced him into pleading guilty and failed to advise him that his guilty plea would result in his deportation.

Following an evidentiary hearing, the district court denied Ramirez-Diaz's motion to withdraw his guilty plea, concluding that plea withdrawal was not necessary to correct a manifest injustice nor was it fair and just to allow Ramirez-Diaz to withdraw his plea.

At sentencing, Ramirez-Diaz's attorney argued for a downward durational departure. The district court found that no mitigating circumstances existed to support a departure and sentenced Ramirez-Diaz to the presumptive sentence of 144 months in prison and a ten-year conditional-release term. This appeal follows.

**D E C I S I O N**

Ramirez-Diaz argues that the district court abused its discretion by denying his motion to withdraw his guilty plea before sentencing because it was fair and just to do so.

A district court must allow withdrawal of a guilty plea at any time when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A district court may allow a defendant to withdraw a guilty plea "before sentenc[ing] if it is fair and just to do so." *Id.*, subd. 2. Under the fair-and-just standard, a district court considers two factors: "(1) the reasons a defendant advances to support withdrawal and (2) [any] prejudice granting the motion would cause the [s]tate given reliance on the plea." *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010) (citing Minn. R. Crim. P. 15.05, subd. 2).

While the fair-and-just standard "is less demanding than the manifest injustice standard," *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007), a defendant does not have an absolute right to withdraw a plea before sentencing, *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989), and may not withdraw a guilty plea "for simply any reason." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). The burden is on the defendant to show the reasons entitling him to withdrawal of his guilty plea. *Kim*, 434 N.W.2d at 266. The district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard is reviewed for an abuse of discretion and will be reversed only in the "rare case." *Raleigh*, 778 N.W.2d at 97.

*Reasons to support withdrawal*

Ramirez-Diaz first argues that it was fair and just to allow him to withdraw his guilty plea because he asserted his innocence. Ramirez-Diaz asserted his innocence several times

3

after pleading guilty. Following the guilty plea, the district court ordered a presentence investigation (PSI) and a sex-offender evaluation. During the PSI, Ramirez-Diaz denied that the sexual abuse occurred, claiming that the victim falsely reported because she was mad at him for forbidding her from having sexual contact with boys. He similarly denied the sexual abuse during the sex-offender evaluation. And in the affidavit supporting his motion to withdraw his guilty plea, Ramirez-Diaz again asserted his innocence.

But when Ramirez-Diaz pleaded guilty, he agreed that he was pleading guilty because he was guilty. Additionally, when establishing the factual basis to support his guilty plea, Ramirez-Diaz admitted that he penetrated the victim's vagina with his tongue. This act is not referenced in the complaint. The district court found that Ramirez-Diaz's guilty plea was accurate because there was no disagreement about the factual basis. Ramirez-Diaz does not now challenge the accuracy of the factual basis. Thus, while Ramirez-Diaz asserted his innocence after he pleaded guilty, he has not challenged the factual basis supporting his guilty plea, which establishes that he committed first-degree criminal-sexual conduct.

Ramirez-Diaz also argues that it was fair and just to allow him to withdraw his guilty plea because the district court was impermissibly involved in plea negotiations. Ramirez-Diaz did not raise this claim when he moved to withdraw his guilty plea. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that an appellate court will not consider matters not argued to and considered by the district court). Moreover, there is nothing in the record to support this assertion.

During the evidentiary hearing on Ramirez-Diaz's motion to withdraw his guilty plea, one of his attorneys testified that on the day of Ramirez-Diaz's jury trial she met with the prosecutor and district court to negotiate a plea and reached an agreement that could result in a shorter sentence. She communicated the agreement to Ramirez-Diaz, who wanted to think about the offer. Ramirez-Diaz's attorney left to attend to a different matter, and his other attorney took over representation. When Ramirez-Diaz pleaded guilty, it was a straight plea. He indicated that he understood that there was no offer from the state. And the district court noted on its referral form to probation for the PSI that Ramirez-Diaz entered a straight plea and that the district court was considering a downward durational departure.

Ramirez-Diaz argues that the record shows that the district court met with the parties to discuss "possible pleas" and reached an agreement that involved the district court's consideration of a downward departure upon a straight plea. A district court may not "usurp the responsibility of counsel or . . . improperly inject itself into plea negotiations." *State v. Anyanwu*, 681 N.W.2d 411, 414 (Minn. App. 2004). But a district court's involvement in a plea negotiation is not per se improper because a district court "has a delicate role in a plea negotiation and necessarily plays a part in any negotiated guilty plea." *Id.* at 415. The record shows only that Ramirez-Diaz pleaded guilty and that the district court agreed to consider a downward durational departure. The district court's involvement was not improper and does not support Ramirez-Diaz's argument that it was fair and just to allow him to withdraw his guilty plea.

Ramirez-Diaz next argues that it was also fair and just to allow him to withdraw his guilty plea because he was represented by different attorneys. He presents this argument without advancing an ineffective-assistance-of-counsel claim. Ramirez-Diaz first claims that when he pleaded guilty he was represented by his immigration attorney who convinced him that if he pleaded guilty he would not be deported because he was married to a United States citizen. Second, he claims that his attorneys failed to fully communicate the plea offer to him. Third, he claims that his attorneys failed to advise him that he was subject to a ten-year conditional-release term. Finally, he claims that his sentencing attorney was unprepared.

At the outset, Ramirez-Diaz fails to provide any support for his assertion that he should be allowed to withdraw his guilty plea because of a change in representation at his guilty-plea hearing. The two attorneys worked together, and each filed a certificate of representation. Moreover, the record does not support Ramirez-Diaz's claims.

Ramirez-Diaz argues that one of his attorneys advised him to get married in order to avoid deportation. At the evidentiary hearing on his motion to withdraw his guilty plea, Ramirez-Diaz testified that he met with his attorney on April 30, 2015, after hearing that detectives wanted to talk to him. Ramirez-Diaz testified that at this meeting, his attorney told him that if he got married to a U.S. citizen he would go to jail for no more than two months. Another witness at the evidentiary hearing similarly testified that she accompanied Ramirez-Diaz to this April 30 meeting and heard the attorney advise Ramirez-Diaz to get married to avoid deportation. But on cross-examination, Ramirez-Diaz admitted that on April 30, he did not know why the detectives wanted to talk to him.

6

And his witness admitted that the meeting was to discuss immigration, and criminal issues were not discussed. Thus, as the district court found, the discussion about marriage was irrelevant to the validity of Ramirez-Diaz's guilty plea because it took place during a meeting that did not concern the criminal matter or guilty plea.

Further, Ramirez-Diaz was fully aware that his guilty plea would result in his deportation. At his evidentiary hearing, Ramirez-Diaz's attorney testified that she visited Ramirez-Diaz frequently to prepare for trial and discussed with him the immigration consequences of pleading guilty. She testified that she advised Ramirez-Diaz that "there was absolutely no chance he could stay in the United States if he were found guilty of this charge or pled guilty to this charge." When Ramirez-Diaz pleaded guilty, he agreed that he had sufficient time to talk about the immigration consequences with his attorneys and indicated that he understood that he would be deported and would never be allowed to return to the United States.

Ramirez-Diaz also claims that his attorneys failed to fully communicate the plea offer to him. But Ramirez-Diaz's attorney testified that she communicated the offer to Ramirez-Diaz and that he wanted to think about it.

Ramirez-Diaz claims that his attorneys failed to advise him that he was subject to a ten-year conditional-release term. Ramirez-Diaz's petition to enter his guilty plea incorrectly stated that he faced a two-year conditional-release term. But Ramirez-Diaz does not claim that this incorrect statement had anything to do with his decision to plead guilty. And every document thereafter correctly stated that the conditional-release term is ten years.

Finally, Ramirez-Diaz claims that his sentencing attorney was unprepared. But sentencing had no bearing on Ramirez-Diaz's guilty plea.[1] The sentencing attorney indicated that she was prepared to proceed with sentencing and to argue mitigating factors. Following arguments, the district court found that no mitigating factors supported a downward durational departure and imposed the presumptive prison sentence, as recommended by the officer who prepared the PSI. Thus, although the district court denied Ramirez-Diaz a downward durational departure, his attorney argued for a departure at sentencing.

*Prejudice*

Ramirez-Diaz argues that the district court should have allowed him to withdraw his guilty plea because he moved to withdraw his guilty plea shortly after entering it. Ramirez-Diaz pleaded guilty on August 3, 2015, and verbally requested to withdraw his plea on September 14. Ramirez-Diaz may have acted quickly, but this "fact is relevant to show an absence of prejudicial reliance on his plea by the prosecution." *State v. Abdisalan*, 661 N.W.2d 691, 694 (Minn. App. 2003), *review denied* (Minn. Aug. 19, 2003). The district court found that the state would be prejudiced by plea withdrawal because the case involved a child-abuse victim who would suffer if the case started over. A district court may consider the interests of the victim when considering the prejudice to the state. *Kim*, 434 N.W.2d at 267.

---

[1] Ramirez-Diaz argues that if we decline to reverse on the plea-withdrawal issue, we should remand for a sentencing hearing wherein he be permitted to argue for a downward departure. Not only did Ramirez-Diaz fail to raise this issue in district court, but he fails to present argument or legal authority supporting a remand. Moreover, the district court permitted his sentencing attorney to argue for a downward departure.

Ramirez-Diaz has failed to establish reasons making it fair and just for him to withdraw his guilty plea. The district court did not abuse its discretion by denying Ramirez-Diaz's motion to withdraw his guilty plea.

**Affirmed.**